By the Court.
 

 The appellant asks that the decision of the Board of Tax Appeals be reversed on the ground that it is unreasonable and unlawful.
 

 The exemption is claimed under favor of Section 5349, General Code, relating to “public institutions of learning not used with a view to profit,” and under Section 5353, General Code, relating to “institutions used exclusively for charitable purposes.”
 

 Does the evidence disclose that the appellant is either a public institution of learning not used with a view to profit, or an institution used exclusively for charitable purposes?
 

 The land owned by the appellant is improved with a modem brick building ranging from one to three
 
 *623
 
 stories in height. This is equipped, with kitchen facilities, rathskeller, dining room, locker rooms, auditorium, small meeting rooms, pool and billiard room, bowling alleys, and a large gymnasium. The society is a corporation not for profit. Its purpose is the “physical, mental and moral advancement of its members.” Its membership consists of approximately one thousand men who pay dues of $12 per year for the privileges of the society; Their wives and children are likewise allowed the privileges of membership upon payment of certain small, fixed fees. However, some children whose parents are financially unable to become members are permitted to participate in the gymnasium classes that constitute the major part of the society’s program. Any American citizen of good repute is eligible to membership, irrespective of race or religion. The various activities of the society are financed by the dues, by voluntary contributions and by profits from the bar, the dining room, the pool and billiard room, and bowling alleys.
 

 Thus it is apparent that the purposes and program of the society are commendable. But are these sufficient to justify exemption from taxation under the law of this state? A study of the record leaves no alternative but to hold that it is neither a
 
 “public
 
 institution of learning” nor an “institution used
 
 exclusively
 
 for charitable purposes.” Some of its work properly may be designated as charitable and for public learning, but this fact is merely incidental and falls far short of meeting the plain requirements of the statutes.
 

 The decision of the Board of Tax Appeals is manifestly correct and must be affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.