*115
 
 Williams, J.
 

 This cause comes into this court on an appeal from the Board of Tax Appeals. That board held that real estate used as a home for student nurses was not used exclusively for public charity and was not exempt from taxation.
 

 The Aultman Hospital Association, appellant, maintains that under the undisputed facts the nurses home is exempt as a matter of law.
 

 Section 5353, General Code, provides in part that “property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation.” '
 

 The Aultman Hospital Association, organized in 1891, is a corporation not for profit. Practically since ■organization it has owned and operated the Aultman Hospital at Canton, Ohio. It is open to the public and receives patients without discrimination. A charge is made to those who are able to pay and those who are not are taken in free of charge.
 

 In 1940, out of a little over 39,000 patieut-days, •about one-sixth consisted of charity cases. Revenues have never met expenses. Funds for support come from payments by patients, the Community Fund and contributions by public spirited donors. Under such circumstances the hospital must be deemed to be a charitable institution and its hospital property used exclusively for charitable purposes.
 
 O’Brien, Treas.,
 
 v.
 
 Physicians Hospital Assn.,
 
 96 Ohio St., 1, 116 N. E., 975, L. R. A. 1917F, 741. In fact there seems to be no contention in this regard for the hospital property has been off the tax duplicate since it was first devoted to that purpose in 1891.
 

 The property used as a nurses home is about two blocks or so from the hospital proper and was purchased in 1941 because it had then become impossible to rent quarters for student nurses in that section of the city. The property consists of a dwelling house .and lot with a small separate garage. The residence is
 
 *116
 
 three stories high and is of brick and frame construction. Since this property was acquired, thirty to thirty-five student nurses have been housed there regularly and it is the intention to have the same use continue. With respect to the need of the home in operating the hospital, appellant’s witness testified: “It is impossible for us to conduct the hospital without student nurses. We cannot take care of patients without them, and in order to have student nurses we must house them and we therefore provide quarters for them as an incident to the operation of the hospital.”
 

 The hospital association receives no income from this property and the student nurses pay no room-rent or board. When a candidate for student nurse is admitted to the hospital she pays the hospital association the sum of $150, which covers equipment, uniform and books. . She is required to pay no more and receives no compensation. No graduate nurse has been housed in the building since it was acquired. Of all the nurses in service in the hospital seventy-five per cent of them are students.
 

 The student nurses spend their full time in studying, attending classes and nursing. Instruction is carried on entirely in the graduate nurses annex to the hospital building by the hospital staff and doctors who are members of the medical staff of the hospital. The student nurses are graduated upon completion of a course of study three years in length and receive a. certificate from the hospital.
 

 It is a matter of common knowledge that in many hospitals nurses and student nurses sleep in the hospital building. It can hardly be said that for this reason the hospital ceases to be used exclusively for charitable purposes. If facilities for the housing of student, nurses are not available in the hospital itself provision may be made for them outside and, where property is-acquired for that specific purpose and used as the new
 
 *117
 
 ly acquired property was in the instant case, it becomes incidental to and a necessary part of the hospital institution itself.- The student nurses were engaged in the work of caring for patients which, the evidence shows, was essential in carrying on the hospital work.
 

 In our judgment the nurses home, like the hospital itself, is, within the meaning of the statute, “property * * * used exclusively for charitable purposes,” and therefore exempt from taxation.
 

 Decision reversed.
 

 Weygandt, C. J., Matthias, Hart and Zimmerman,. JJ., concur.
 

 Turner, J., concurs in the judgment.
 

 Bettman, J., not participating.