GALVIN, LUCAS COUNTY AUDITOR, ET AL., APPELLANTS, *v.*
MASONIC TOLEDO TRUST, APPELLEE.

(No. 72-896—Decided May 23, 1973.)

158

*Mr. Harry Friberg,* prosecuting attorney, *Mr. Richard A. Cohen, Mr. James M. Morton, Jr.,* and *Messrs. Fuller, Henry, Hodge & Snyder,* for appellants.

*Mr. Richard S. Cole, Mr. Gerald P. Moran* and *Messrs. Marshall, Melhorn, Bloch & Belt,* for appellee.

O'NEILL, C. J. Appellees sought exemption from property taxation primarily under R. C. 5709.12, which, in pertinent part, provides:

" * * * Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation. * * *"

To aid in construing this language, the General Assembly enacted R. C. 5709.121, which provides:

"Real property and tangible personal property belonging to a charitable or educational institution * * * shall be considered as used exclusively for charitable or public purposes by such institution * * * if it is either:

"(A) Used by such institution * * * under a lease * * *;

"(1) As a community or area center in which presentations in music, dramatics, the arts, and related fields are made in order to foster public interest and education therein;

"(2) For other charitable, educational, or public purposes;

"(B) Otherwise made available under the direction or

control of such institution * * * for use in futherance of or incidental to its charitable, educational, or public purposes and not with the view to profit.''

Appellants, in essence, argue that to qualify for the tax exemption under R. C. 5709.12, appellee's property must be primarily used for purposes specified in R. C. 57-09.121, *viz.*, that the property be rented for more presentations in music, dramatics, the arts and related fields and other charitable uses than for private or commercial noncharitable uses. In this connection, appellants argue that actual use and not purpose is determinative of tax status.

The source of appellants' argument is primarily the Board of Tax Appeals' finding that ''the use of the property for private and commercial non-charitable uses constitutes a considerable portion of the use of the entire property * * * .'' However, the board went on to hold that ''such use must be considered incidental to the overall purpose behind the acquisition and construction of the property—and it is doubtful if the facility could long continue in operation as a community or area center for the presentation of theatrical events if there was no use for private or commercial purposes * * * .''

In support of their argument, appellants rely upon certain cases decided by this court prior to the effective date of R. C. 5709.121. *Cleveland* v. *Carney* (1961), 172 Ohio St. 189, 174 N. E. 2d 254; *Columbus Youth League* v. *County Bd. of Revision* (1961), 172 Ohio St. 156, 174 N. E. 2d 110; *National Headquarters Disabled American Veterans* v. *Bowers* (1960), 171 Ohio St. 312, 170 N. E. 2d 731; *Cleveland* v. *Carney* (1958), 168 Ohio St. 305, 154 N. E. 2d 752; *Zindorf* v. *Otterbein Press* (1941), 138 Ohio St. 287, 34 N. E. 2d 748.

Those cases construed R. C. 5709.08 and 5709.12 to require that the property be used ''exclusively'' for public or charitable purposes. The test for exemption related to the use of the property and not to the use of the proceeds derived therefrom. *Columbus Youth League* v. *County Bd. of Revision* (1961), 172 Ohio St. 156, 174 N. E. 2d 110.

That test was judicially developed to aid in inter-

pretation of the phrase "used exclusively for charitable purposes" in R. C. 5709.12.

In enacting R. C. 5709.121, the General Assembly has undertaken to define that statutory phrase. "Where a statute defines terms used therein [in a statute], such definition controls in the application of the statute * * *." *Good Samaritan Hospital* v. *Porterfield* (1972), 29 Ohio St. 2d 25, 30, 278 N. E. 2d 26. Furthermore, it is well settled that the General Assembly has "exclusive power to choose the subjects, and to establish the criteria, for exemption from taxation." *Toledo Retirement Living* v. *Board of Tax Appeals* (1971), 27 Ohio St. 2d 255, 272 N. E. 2d 359. Here, the General Assembly has established criteria for tax exemption by defining the phrase "used exclusively for charitable purposes." Therefore, any prior inconsistent decisions of the courts interpreting that phrase must yield.

In defining the phrase, "used exclusively for charitable purposes," R. C. 5709.121 includes uses "in furtherance of or incidental to * * * [an institution's] charitable, educational, or public purpose." As noted, the Board of Tax Appeals found that the renting of the facility for private and commercial uses was "incidental to the overall purpose" of the facility. An examination of the record leads this court to the same conclusion.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.