CINCINNATI NATURE CENTER ASSOCIATION, APPELLEE, *v.* BOARD OF TAX APPEALS, APPELLANT.

(No. 76-306—Decided November 24, 1976.)

*Messrs. Taft, Stettinius & Hollister, Mr. Robert E. Rich* and *Mr. William J. Graham, Jr.,* for appellee.

*Mr. William J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellant.

WILLIAM B. BROWN, J. The issue before this court is whether the decision of the Board of Tax Appeals that the houses owned by the Nature Center and used as residences for its employees are not exempt from tax as property "used exclusively for charitable [or public] purposes" under R. C. 5709.12 and 5709.121 is reasonable and lawful.

R. C. 5709.12 provides, in pertinent part:

"Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation."

R. C. 5709.121 defines property "used exclusively for charitable or public purposes," and not "used by such institution * * * under a lease, sublease or other contractual arrangement," in subdivision (B), which provides exemption for property:

"Otherwise made available under the direction or control of such institution, the state or political subdivision for use *in furtherance of* or incidental to *its* charitable, educational, or public purposes and not with the view to profit." (Emphasis added.)

In its decision not to grant an exemption for the houses used as residences by the Nature Center's employees, the Board of Tax Appeals failed to consider the definition of the phrase "used exclusively for charitable or public purposes," provided by R. C. 5709.121, and relied upon cases decided prior to the adoption of that statute in 1969. In *Galvin* v. *Masonic Toledo Trust* (1973), 34 Ohio St. 2d 157, 160, this court stated that in enacting R. C. 5709.121, the General Assembly had undertaken to define the phrase "used exclusively for charitable purposes" in R. C. 5709.12. It stated further that "any prior inconsistent decisions of the courts interpreting that phrase must yield."[1]

Given the ruling of the *Galvin* case, the board's reliance on case law developed prior to the legislative definition of "exclusive use" promulgated in R. C. 5709.121 was not proper, and its decision in that regard was unreasonable and unlawful.

The next question raised by this cause is whether the board's denial of exemption for the Nature Center's employee residences is reasonable and lawful in view of R. C. 5709.121 and cases decided after its adoption. The board argues that R. C. 5709.121 applies "only when two or more charitable organizations use the same property" or, in the alternative, when the subject property is made "available for use by the public."

Both contentions are based upon information not included in the language of the statute. In paragraph five of the syllabus in *Wachendorf* v. *Shaver* (1948), 149 Ohio St. 231, this court, in pertinent part, stated:

"The court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be resticted, constricted, qualified, narrowed, enlarged or abridged * * *."

The board, in effect, argues that legislative intent is not "clearly expressed" in R. C. 5709.121 because the statute fails to answer the question "to whom must this property be 'otherwise made available.'"

In fact, the statute does answer that question.* To fall within the terms of R. C. 5709.121, property must (1) be under the direction or control of a charitable institution or state or political subdivision, (2) be otherwise made available "for use in furtherance of or incidental to" the institution's "charitable * * * or public purposes," and (3) not be made available with a view to profit. Since the statute is clear as to what property is deemed under it to be "used exclusively for charitable or public purposes," the board's contentions that exempt property must be made

---

*The phrase "otherwise made available" refers to property used "in furtherance of * * * its charitable * * * or public purposes." The pronoun "its" refers, in turn, to the phrase "such institution." The majority in the two prior cases which have applied R. C. 5709.121 has not found it necessary to look beyond the language of the statute to determine legislative intent. See *Galvin* v. *Masonic Toledo Trust* (1973), 34 Ohio St. 2d 157, and *White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199.

available to another charitable institution or to the public are without merit.

Applying the "clearly expressed" terms of R. C. 5709.121 to this cause, this court finds the decision of the board that the employee residences located on the Nature Center's property are not exempt from taxation to be unreasonable and unlawful. The board itself found that "in the main" the use of the Nature Center's property is "a charitable use." The Court of Appeals, correctly applying R. C. 5709.121, found that "the use of the two houses by employees of the Nature Center was in furtherance of and incidental to its charitable purpose, and was not with a view to profit," because they were not rented or used "for private business or professional activity." We see no reason to disturb the findings of fact of the tribunal below. The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.