CITY OF WELLSVILLE, APPELLEE, *v.*
KINNEY, COMMISSIONER, APPELLANT.

(No. 80-1556—Decided May 13, 1981.)

*Mr. William L. Bush,* law director, for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellant.

*Per Curiam.* Appellant contends the requirements of R. C. 5709.08 have not been met because the property used as the private residence for the cemetery caretaker is not being used exclusively for a public purpose.

R. C. 5709.08 provides, in pertinent part: "Real or personal property belonging to the state or United States used exclusively for a public purpose, and public property used exclusively for a public purpose, shall be exempt from taxation.***"

R. C. 5709.121 provides that public property shall be considered as used exclusively for public purposes if it is "(B) Otherwise made available under the direction or control of***the state, or political subdivision for use in furtherance of or incidental to its***public purposes and not with the view to profit."

In *Cincinnati Nature Center* v. *Bd. of Tax Appeals* (1976), 48 Ohio St. 2d 122, the court stated, at page 125, that the criteria of R. C. 5709.121 require that the property must "(1) be under the direction or control of a charitable institution or state or political subdivision, (2) be otherwise made available 'for use in furtherance of or incidental to' the institution's 'charitable***or public purposes,' and (3) not be made available with a view to profit." The court held that houses which were used by the Cincinnati Nature Center as residences for employees responsible for taking care of the nature preserve were used in furtherance of and incidental to the charitable purpose of the center, and thus entitled to be tax exempt.

In the instant cause, the city has title to the cemetery land and uses it for the exclusive benefit of the public. The house serves as an office and a place for keeping public records. The Board of Tax Appeals found from the facts presented that the house is necessary to assure the presence of the caretaker on the premises to care for and protect the public grounds from damage.

Applying the criteria of R. C. 5709.121 and *Cincinnati Nature Center, supra,* to this cause, we find the decision of the board allowing tax exemption to the one-half acre and house thereon to be neither unreasonable nor unlawful.

We also find it was not unreasonable or unlawful for the board to reject appellant's alternative contention that the only statute that can be considered to determine the right to exemption here is R. C. 5709.14 which relates to tax exemption for graveyards. Appellant's position is inconsistent since he decided the city's request for tax exemption on the basis of his interpretation of R. C. 5709.08. Moreover, all the real property here is public property, and, thus, appropriate to be considered for tax exemption under R. C. 5709.08.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.