102

LITTLE MIAMI, INC., APPELLANT, *v.*
KINNEY, COMMR., APPELLEE.

(No. 81-258—Decided December 9, 1981.)

*Messrs. Taft, Stettinius & Hollister, Mr. John P.
Williams, Jr.,* and *Mr. William F. Russo,* for appellant.

*Manley, Jordan & Fischer Co., L.P.A., Mr. Timothy M.
Burke* and *Mr. Andrew S. Lipton,* for The Nature Conservancy.

*Mr. William J. Brown,* attorney general, and *Mr. James
C. Sauer,* for appellee.

*Per Curiam.* The issue presented herein is whether ap-

pellant is entitled to a tax exemption for Bass Island under R. C. 5709.12 and 5709.121. In *Cincinnati Nature Center* v. *Bd. of Tax Appeals* (1976), 48 Ohio St. 2d 122, 125, this court described the requirements for a tax exemption under R. C. 5709.121 as follows: "***[the] property must (1) be under the direction or control of a charitable institution or state or political subdivision, (2) be otherwise made available 'for use in furtherance of or incidental to' the institution's 'charitable or public purposes,' and (3) not be made available with a view to profit."

Applying this test, the Board of Tax Appeals found that appellant's *use* of Bass Island was insufficient to show that it was used "in furtherance of or incidental to" appellant's charitable purpose, but that it qualified in all other respects. In reaching this result, the Board of Tax Appeals relied on *Holy Trinity Protestant Episcopal Church* v. *Bowers* (1961), 172 Ohio St. 103, 107; wherein this court stated, "***mere ownership, standing alone, is not sufficient to create a right to tax exemption. Such ownership must be coupled with the purpose, supported by tangible evidence, that the property will be devoted to an actual physical use for the public benefit.***"

Appellant argues that this is not a case of "mere ownership," but that it uses Bass Island to further its charitable purpose. This charitable purpose is preservation. Appellant caused Bass Island to be restored to its natural state and is working toward its continued preservation. We find that this use is in furtherance of appellant's charitable purpose. Accordingly, the decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.