HERB SOCIETY OF AMERICA, INC., APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Herb Soc. of Am., Inc. v. Tracy* (1994), 71 Ohio St.3d 374.]

(No. 93–2447—Submitted September 29, 1994—Decided December 27, 1994.)

*Walter & Haverfield, Arthur P. Steinmetz* and *Ricky L. Bertram,* for appellant.

*Lee Fisher,* Attorney General, and *Janyce P. Katz,* Assistant Attorney General, for appellee.

*Per Curiam.* We conclude that the Herb Society of America is a charitable institution, and we reverse and remand the BTA's decision.

The Society applies for exemption under former R.C. 5709.121:

"Real property and tangible personal property belonging to a charitable or educational institution or to the state or a political subdivision, shall be considered as used exclusively for charitable or public purposes by such institution, the state, or political subdivision, if it is * * *

" * * *

"(B) Otherwise made available under the direction or control of such institution, the state, or political subdivision for use in furtherance of or incidental to its charitable, educational, or public purposes and not with the view to profit."

In *Cincinnati Nature Ctr. Assn. v. Bd. of Tax Appeals* (1976), 48 Ohio St.2d 122, 125, 2 O.O.3d 275, 277, 357 N.E.2d 381, 383, we stated:

" * * * To fall within the terms of R.C. 5709.121, property must (1) be under the direction or control of a charitable institution or state or political subdivision, (2) be otherwise made available 'for use in furtherance of or incidental to' the

institution's 'charitable * * * or public purposes,' and (3) not be made available with a view to profit."

The BTA, citing *Episcopal Parish v. Kinney* (1979), 58 Ohio St.2d 199, 12 O.O.3d 197, 389 N.E.2d 847, focused its initial inquiry on whether the Society was a charitable institution. The BTA decided that the Society was not.

According to *Planned Parenthood Assn. v. Tax Commr.* [1966], 5 Ohio St.2d 117, 34 O.O.2d 251, 214 N.E.2d 222, paragraph one of the syllabus, " 'charity' in the legal sense, is the attempt in good faith, spiritually, physically, intellectually, socially and economically to advance and benefit mankind in general, or those in need of advancement and benefit in particular, without regard to their ability to supply that need from other sources, and without hope or expectation, if not with positive abnegation, of gain or profit by the donor or by the instrumentality of the charity."

The dissemination of useful information to benefit mankind is, traditionally, charity. See *id.*, paragraph four of the syllabus; *Am. Humanist Assn., Inc. v. Bd. of Tax Appeals* (1963), 174 Ohio St. 545, 23 O.O.2d 210, 190 N.E.2d 685.

So long as an institution is operated without any view to profit and exclusively for a charitable purpose, it is a charitable institution. It need not be open generally to the public if it promotes the lawful advancement of the charitable purpose. *Am. Commt. of Rabbinical College of Telshe, Inc. v. Bd. of Tax Appeals* (1951), 156 Ohio St. 376, 46 O.O. 217, 102 N.E.2d 589, paragraphs one and two of the syllabus.

Here, the Society, in good faith, attempts to advance and benefit mankind in general. The evidence establishes that the society physically, by tending herb gardens, including the National Herb Garden, intellectually, by lecturing and distributing literature, socially, by sponsoring symposiums, and economically, by endowing research grants, advances and benefits mankind.

Moreover, we can find no case that declares an organization not to be a charitable institution because it restricts membership to selected individuals. Its membership requirements actually foster the education that the Society promotes. An informed member will better serve the Society in its mission to educate the community than an uninformed member.

Accordingly, we reverse the decision of the BTA as to its finding that the Society is not a charitable institution and remand the cause to the BTA to determine whether the Society has established exemption under the remaining two prongs of *Cincinnati Nature Ctr. Assn. v. Bd. of Tax Appeals, supra.*

*Decision reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., dissents.