The New Haven Church of Missionary Baptist, Appellant,
v. Board of Tax Appeals et al., Appellees.

(No. 40063—Decided January 25, 1967.)

*Mr. Stephen W. Young,* for appellant.

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Robert W. Worth,* for appellees Hamilton County Prosecuting Attorney and Auditor.

*Mr. William B. Saxbe,* attorney general, and *Mr. John F. Casey,* for appellees Tax Commissioner and Board of Tax Appeals.

Johnson, J. The question before the court is whether the decision of the Board of Tax Appeals, refusing the claimed exemption for the apartment area for the years in question, is unreasonable or unlawful.

Appellant strongly urges that the ruling of this court in the case of *In re Bond Hill-Roselawn Hebrew School,* 151 Ohio St. 70, decided February 16, 1949, is controlling in the instant case. That decision concerned itself with the identical structure involved herein. That same structure in the court's 1949 decision was allowed an exemption *in toto.* The apartment unit then, as now, was being occupied by a caretaker-janitor of the church school. How, now asks the appellant, can the court arrive at a different result on the identical fact situation with which it was confronted at that time?

At the time the decision was handed down in the *Bond Hill-Roselawn Hebrew School case, supra,* the court only had the choice of exempting all the property from taxation or of holding the entire property taxable. As was noted in the opinion at page 72:

"So far as pertinent in this case, Section 2 of Article XII of the Constitution provides that 'general laws may be passed to exempt * * * houses used exclusively for public worship, and Section 5349, General Code [Section 5709.07, Revised Code], provides that houses used exclusively for public worship, the

books and furniture therein and the ground attached to such buildings necessary for the proper occupancy, use and enjoyment thereof and not leased or otherwise used with a view to profit * * * shall be exempt from taxation.'

"The Attorney General argues, and the Board of Tax Appeals has apparently held, that the words, 'used exclusively for public worship,' should be interpreted literally to exclude any other use whatsoever.

"Such a literal construction could prevent any exemption being given under these words of the Constitution. It would not be difficult to show some slight use of any church building for a purpose other than public worship. It would probably be impossible to prevent such use. The building must be open to all members of the public if it is to qualify as one used for '*public* worship.' If someone comes into the building and misuses it, is the exemption to be denied? Such a literal construction would clearly not be a reasonable construction. The people certainly intended that the words they used in the Constitution should be given a reasonable meaning.

"There are many activities conducted in church buildings which do not constitute public worship but which are designed to encourage people to use the church for public worship. The use of a room in the church to entertain young children while their parents attend church services is not a use for public worship. The use of the church building for meetings of boy scouts is not a use for public worship. The use of part of the building for the preparation of food for a church supper and the eating of such food are not uses for public worship. Certainly it was not the intention of the people that their words, 'used exclusively for public worship,' should be so literally construed that any such uses would prevent tax exemption of a church building."

Subsequent actions of the General Assembly, following that decision, in the amendment of Section 5560, General Code, effective October 29, 1949, and the later passage of Section 5713.-04, Revised Code, effective November 4, 1959, were conceived, in this writer's opinion, out of a desire to more equitably determine the tax exemptions allowable to institutions wherein

a part of the property ownership if used as a separate entity might well be subject to exemption by reason of its ownership and use, and yet another distinct and adjacent entity might be taxable because of a use not subjecting it to exemption.

Split exemptions, as thus conceived, gave to County Auditors, the Board of Tax Appeals, and the courts a more equitable tool with which to work.

Section 5713.04, Revised Code, as applicable here, reads in pertinent part as follows:

"If a separate parcel of improved or unimproved real property has a single ownership, and is so used so that part thereof, if a separate entity, would be exempt from taxation, and the balance thereof would not be exempt from taxation, the listing thereof shall be split, and the part thereof used exclusively for an exempt purpose shall be regarded as a separate entity and be listed as exempt, and the balance thereof used for a purpose not exempt, shall, with the approaches thereto, be listed at its true value in money and taxed accordingly."

'It is important to note, however, as was said in *Trustees of Church of God of Cleveland* v. *Board of Tax Appeals,* 159 Ohio St. 517, 519:

"It is true that this court in the case of *Goldman, a Taxpayer,* v. *L. B. Harrison (Club),* 158 Ohio St. 181, 184, 107 N. E. 2d 530, held that Section 5560, General Code [Section 5713.04, Revised Code], does not authorize for tax-exemption purposes the division of property on a percentage basis into that used for charitable purposes and that used for noncharitable purposes. However, under the amendment of the statute above quoted, where a separate entity of property *is used exclusively* for religious or charitable purposes such entity is entitled to exemption from taxation.

"It is our view that the first floor of the building used as a church auditorium and the two rooms in the basement used as a Sunday school and baptistry are used exclusively for tax-exempt purposes, and, under the provisions of the statute, may be set off as exempt from taxation, not on a percentage basis but by a split valuation of the separate entities of the property.

"The word, 'entity,' used in the statute means something

that has a real and separate existence. In the early case of *Cincinnati College* v. *Yeatman, Aud.*, 30 Ohio St. 276, this court held that for the purposes of taxation, a building may be divided perpendicularly as well as horizontally, where there are separate and distinct tenements in the same building. * * *"

As now understood and generally used, split listing to a large degree accomplished the purpose intended by the General Assembly.

In the instant case, the entity of the apartment area separate and apart from the balance of the subject structure was not permitted tax exemption as being an entity used "*exclusively for public worship.*" The entity being separable, as that term has been heretofore discussed, was properly denied exemption by the Board of Tax Appeals. The cause is remanded to the Board of Tax Appeals for the purpose of recalculating the size and value of the apartment area which is subject to taxation in accordance with this opinion, otherwise the decision of the board is affirmed.

*Judgment accordingly.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert and Brown, JJ., concur.

Johnson, J., of the Seventh Appellate District, sitting for Schneider, J.