CONALCO, INCORPORATED, APPELLANT, *v.* MONROE COUNTY BOARD OF REVISION, APPELLEE.

(No. 77-1217—Decided June 7, 1978.)

*Messrs. Glander, Brant, Ledman & Newman, Mr. Charles F. Glander* and *Mr. James H. Ledman,* for appellant.
*Messrs. Ennis & Roberts, Mr. William J. Ennis* and *Mr. J. Michael Fischer,* for appellee.

*Per Curiam.* The board, upon remand, found that Conalco's (appellant) allocation of the purchase price re-

sulted in a distorted valuation of the real property because (1) appellant failed to strictly adhere to the dictates of Accounting Principles Board Opinion No. 16, Business Combinations, 1970 (APB 16), and (2) the board further disapproved of the method prescribed within APB 16 of accounting for negative good will. The board found the following:

"Thus, as we allocate the purchase price, we determine that the price of the real property acquired in this lump-sum acquisition is $15,160,670. This allocated price, then, is the true value in money of the property as of January 1, 1974 * * * [arriving] at a taxable value for such property for such year of $5,306,235. * * * "

This court is cognizant of its limited scope of review concerning the decisions of the board. It is not the function of the court to substitute its judgment for that of the board on factual issues, but only to determine from the record whether or not the decision rendered by the board is unreasonable or unlawful. *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 137; *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53.

After close scrutiny of the board's decision, upon remand, we find that the board once again has adopted the opinion of value, $15,160,670, offered by the Monroe County Board of Revision (appellee). It is apparent that this adoption of appellee's opinion of value occurred despite the board's recognition that appellee's appraiser ignored the contemporaneous sale, for in its decision the board states:

"* * * Mr. Jacober, testifying as an expert witness for the board of revision, was unable to establish an actual sale value for the plant, being without expertise in accounting, and in his report he adhered to standard appraisal techniques to render his opinion of value of $15,160,670."

It is thus evident that, despite the board's protestation of an allocation of the purchase price, its determination of the true value in money of the subject property is premised upon a fair market appraisal of the property, which ignored the contemporaneous sale. Moreover, acceptance of the

appraisal occurred without the board determining if a proper allocation was possible, despite the statement in its decision:

"* * * If a distortion did result, then, in conformity with our statutory authority, we are to find the true value of the property, either by a proper allocation of the price, if possible, or by whatever other means evidentially available to us."

In our prior decision in *Conalco* v. *Bd. of Revision, supra* (50 Ohio St. 2d 129), after recognizing in the first paragraph of the syllabus the established rule of law that the best evidence of "true value in money" of real property is an actual, recent sale of property in an arm's-length transaction, this court stated, in the second paragraph of the syllabus:

"In valuing real property sold within three days of the tax lien date in an arm's-length transaction, the best evidence of 'true value in money' is the proper allocation of the lump-sum purchase price and not an appraisal ignoring the contemporaneous sale."

Having thus previously rejected this appraisal, which totally ignored an arm's-length sale of the subject property within close proximity of the tax lien date as a competent basis for determining the "true value in money," we find the board's decision in the present case, accepting appellee's appraisal, is unreasonable and unlawful.

Therefore, the decision of the board is reversed, and the cause is remanded to the board for a determination consistent with this opinion.

*Decision reversed.*

O'NEILL, C. J., HERBERT, W. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE and P. BROWN, JJ., dissent for the reasons stated in the dissenting opinion in *Conalco* v. *Bd. of Revision* (1977), 50 Ohio St. 2d 129, 132, as applied to this case.