EPISCOPAL PARISH OF CHRIST CHURCH, GLENDALE,
APPELLANT, *v.* KINNEY, COMMR., APPELLEE.

(No. 78-1397—Decided May 23, 1979.)

200

*Strauss, Troy & Ruehlmann Co., L. P. A.*, and *Mr. Samuel M. Allen*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Larry J. Baisden*, for appellee.

*Per Curiam.* The appellant does not argue exemption from taxation under R. C. 5709.07 pertaining to schools, churches, and colleges. It has been well settled that the type property involved herein does not fall within the requirement of being used " * * * exclusively for public worship," as required by R. C. 5709.07 and its predecessors. *Gerke* v. *Purcell* (1884), 25 Ohio St. 229; *New Haven Church of Missionary Baptist* v. *Bd. of Tax Appeals* (1967), 9 Ohio St. 2d 53.

Instead, appellant claims exemption under R. C. 5709.-121 as interpreted by this court in *Cincinnati Nature Center* v. *Bd. of Tax Appeals* (1976), 48 Ohio St. 2d 122. Appellant claims that, within the context of R. C. 5709.121 (B), its property is " * * * used exclusively for charitable * * * purposes * * *," in that its use is "* * * in furtherance of or incidental to its charitable * * * purposes * * *."

In *White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199, at page 203, Justice Stern, in a concurring opinion, delineated the relationship between R. C. 5709.12 and 5709.121 as follows:

"Initially, it is important to observe that, although R. C. 5709.121 purports to define the words used exclusively for 'charitable' or 'public' purposes, as those words are used in R. C. 5709.12, the definition is not all encompassing. R. C. 5709.12 states ' * * * Real and tangible personal pro-

perty belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation.' Thus, *any* institution, irrespective of its charitable or non-charitable character, may take advantage of a tax exemption if it is making exclusive charitable use of its property. See *Wehrle Foundation* v. *Evatt* (1943), 141 Ohio St. 467, 49 N. E. 2d 52. The legislative definition of exclusive charitable use found in R. C. 5709.121, however, applies *only* to property 'belonging to,' *i. e., owned by,* a charitable or educational institution, or the state or a political subdivision. *The net effect of this is that R. C. 5709.121 has no application to noncharitable institutions seeking tax exemption under R. C. 5709.12. Hence, the first inquiry must be directed to the nature of the institution applying for an exemption.* * * *."* (Emphasis added in part.)

It is evident from the foregoing that appellant, as a religious institution, does not necessarily fall within that category defined as charitable institutions. Since appellant is seeking a tax exemption, it was incumbent upon it to carry the burden of proof before the board to establish its right to such exemption.

In reviewing decisions of the board, this court has repeatedly stated that it is not a trier of fact *de novo*, but that it is confined to its statutorily delineated duties (R. C. 5717.04) of determining whether the board's decision is "reasonable and lawful." *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53; *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 135; *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13; *Conalco* v. *Bd. of Revision* (1978), 54 Ohio St. 2d 330; *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477.

The decision of the board being neither unreasonable nor unlawful is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.