BISHOP OF THE ROMAN CATHOLIC DIOCESE OF CLEVELAND, TRUSTEE, APPELLANT, *v.* KINNEY, COMMR., APPELLEE.

[Cite as Bishop *v.* Kinney (1982), 2 Ohio St. 3d 52.]

(No. 82-33—Decided December 15, 1982.)

*Messrs. Murphey, Young & Smith, Mr. David J. Young, Mr. Paul M. Aucoin* and *Mr. Steven W. Tigges,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Charles M. Steines* and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* R.C. 5709.07 exempts from taxation "* * * houses used exclusively for public worship * * *." R.C. 5713.04, known as the "split-listing statute," provides, in pertinent part:

"If a separate parcel of improved or unimproved real property has a single ownership and is so used so that part thereof, if a separate entity, would be exempt from taxation, and the balance thereof would not be exempt from taxation, the listing thereof shall be split, and the part thereof used exclusively for an exempt purpose shall be regarded as a separate entity and be

listed as exempt, and the balance thereof used for a purpose not exempt shall, with the approaches thereto, be listed at its taxable value and taxed accordingly."

In denying exemption for the parish hall under these statutes, the Board of Tax Appeals literally interpreted the words "used exclusively" as prohibiting any non-exempt use whatsoever. In *In re Bond Hill-Roselawn Hebrew School* (1949), 151 Ohio St. 70 [38 O.O. 527], the court declined to adopt a literal construction of these words under the predecessor to R.C. 5709.07, and held that property qualified for exemption if it was used primarily for public worship. Relying on *Bond Hill,* appellant argues that the decision of the Board of Tax Appeals is unreasonable and unlawful.

Appellee argues that the holding in *Bond Hill* is no longer applicable, having been rendered prior to the enactment of the split-listing statute. We can find no authority, however, which would support appellee's contention that the enactment of the split-listing statute diminished the viability of the primary-use test enunciated in *Bond Hill.* Therein, at pages 72-73, the court relied upon the following rationale in refusing to adopt a literal construction of the words "used exclusively":

"Such a literal construction could prevent any exemption being given under these words of the Constitution. It would not be difficult to show some slight use of any church building for a purpose other than public worship. * * *

"There are many activities conducted in church buildings which do not constitute public worship but which are designed to encourage people to use the church for public worship. The use of a room in the church to entertain young children while their parents attend church services is not a use for public worship. The use of the church building for meetings of boy scouts is not a use for public worship. The use of part of the building for the preparation of food for a church supper and the eating of such food are not uses for public worship. Certainly it was not the intention of the people that their words, used exclusively for public worship, should be so literally construed that any such uses would prevent tax exemption of a church building."

We find this rationale equally applicable whether the focus of inquiry is the whole building, as in *Bond Hill,* or a portion thereof as now authorized by the split-listing statute. Moreover, decisions rendered since the enactment of R.C. 5713.04 have not abandoned the primary-use test, and rooms similar to the parish hall have been granted exempt status. In *New Haven Church of Missionary Baptist* v. *Bd. of Tax Appeals* (1967), 9 Ohio St. 2d 53, 54 [38 O.O.2d 129], "* * * a basement area approximately 60 by 60 feet, which is used for religious instruction and other such purposes * * *," was granted exemption. In *Episcopal Parish* v. *Kinney* (1979), 58 Ohio St. 2d 199 [12 O.O.3d 197], the fact that "* * * [t]he first floor of the rectory is presently tax exempt due to the fact that it is used by parish groups for worship, adult education, and other programs of the church" was not contested. Where exemption has been denied, the building or rooms in question were primarily used for a non-exempt purpose. See *Trustees of the Church of God of*

*Cleveland* v. *Bd. of Tax Appeals* (1953), 159 Ohio St. 517 [50 O.O. 431]; *New Haven Church of Missionary Baptist* v. *Bd. of Tax Appeals, supra; Episcopal Parish* v. *Kinney, supra; Operation Evangelize* v. *Kinney* (1982), 69 Ohio St. 2d 346 [23 O.O.3d 315].

The Board of Tax Appeals found that the primary use of the parish hall was religious in nature and appellee concedes that such use constitutes "public worship" within the meaning of R.C. 5709.07. Therefore, on authority of *Bond Hill,* appellant is entitled to a tax exemption for the parish hall.

Accordingly, the decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.