SUMMIT UNITED METHODIST CHURCH, APPELLANT, *v.*
KINNEY, COMMR., APPELLEE.

[Cite as Summit United Methodist Church *v.* Kinney
(1982), 2 Ohio St. 3d 72.]

(No. 82-87—Decided December 22, 1982.)

*Mr. Windell F. Fisher,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* Appellant claims entitlement to tax exemption under R.C. 5709.12 and 5709.121. R.C. 5709.12 exempts from taxation real property "used exclusively for charitable purposes." That phrase is defined in R.C. 5709.121, which provides, in part:

"Real property and tangible personal property belonging to a charitable * * * institution * * * shall be considered as used exclusively for charitable or public purposes by such institution * * * if it is either:

"(A)   Used by such institution * * * or by one or more other such institutions, the state, or political subdivisions under a lease, sublease, or other contractual arrangement:

"* * *

"(2)   For other charitable, educational, or public purposes; * * *"

In order for property to qualify for exemption under R.C. 5709.121, it must belong to a charitable institution. *Cincinnati Nature Center* v. *Bd. of Tax Appeals* (1976), 48 Ohio St. 2d 122, 125 [2 O.O.3d 275]; *Episcopal Parish* v. *Kinney* (1979), 58 Ohio St. 2d 199, 201 [12 O.O.3d 197]; *Operation Evangelize* v. *Kinney* (1982), 69 Ohio St. 2d 346 [23 O.O.3d 315].

By this appeal, appellant contests the Board of Tax Appeals' factual determination that it was not a charitable institution within the purview of R.C. 5709.121.

"In reviewing decisions of the board, this court has repeatedly stated that it is not a trier of fact de novo, but that it is confined to its statutorily delineated duties (R.C. 5717.04) of determining whether the board's decision is 'reasonable and lawful.' *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53 [54 O.O.2d 191]; *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 137 [64 O.O.2d 82]; *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13 [73 O.O.2d 83]; *Conalco* v. *Bd. of Revision* (1978), 54 Ohio St. 2d 330 [8 O.O.3d 323]; *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477 [8 O.O.3d 459]." *Episcopal Parish* v. *Kinney, supra,* at 201.

With this standard of review in mind, we find sufficient evidence in the record to support the board's finding that appellant was primarily a religious institution, and therefore not entitled to tax exemption under R.C. 5709.12 and 5709.121.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, PARRINO, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.