PBI INDUSTRIES, INC. ET AL., APPELLANTS, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as PBI Industries, Inc. *v.* Lindley (1983), 6 Ohio St. 3d 203.]

(No. 82-1661—Decided August 10, 1983.)

*Messrs. Thompson, Hine & Flory, Mr. Robert P. Mone, Mr. William R. Case* and *Mr. Thomas E. Lodge,* for appellants.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* The commissioner assessed sales and use taxes against appellants under R.C. 5739.02 as consumers in retail sales of steel which appellants used in the construction of an electricity generating power plant. Appellants contend that the board erred in affirming the commissioner's assessments and argue that the appellants' purchases of steel were not subject to taxation.

Appellants' maintain that these purchases of steel were exempt from taxation under R.C. 5739.01 (E) and (Q) (now [P]). Those sections in part provided:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"* * *

"(2) * * * to use or consume the thing transferred * * * directly in the rendition of a public utility service * * *."

"* * *

"(Q) 'Used directly in the rendition of a public utility service' means that property which is to be incorporated into and will become a part of the consumer's production, transmission, transportation, or distribution system and *which retains its classification as tangible personal property after such incorporation;* fuel or power used in the production, transmission, transportation, or distribution; and tangible personal property used in the repair and maintenance of the production, transmission, transportation, or distribution system, including only such motor vehicles as are specially designed and equipped for such use." (Emphasis added.)

Thus, in order to qualify for the exception set forth in R.C. 5739.01 (E), as defined in R.C. 5739.01 (Q), the property *must* retain its classification as tangible personal property *after* incorporation into the production, transmission, transportation, or distribution of a public utility service.[1] The question arises whether the steel involved in the case *sub judice* retained its classification as personalty after having been used in the construction of a power plant which supplies public utility service.

Addressing this question below, both the commissioner and board determined as a matter of fact that the steel had been incorporated into the realty.

---

[1] See *Cleveland Electric Illuminating Co.* v. *Lindley* (1982), 69 Ohio St. 2d 71 [23 O.O.3d 118], and *Cincinnati Gas & Electric* v. *Kosydar* (1974), 38 Ohio St. 2d 71 [67 O.O.2d 81].

Thus, under R.C. 5739.01 (B),[2] appellants were deemed to be the consumers of the steel since the installation of the steel by appellants for Buckeye was not a retail sale and appellants were liable to taxation on the purchases of the steel.

Appellants seek, in effect, that we reverse a factual determination made in the proceedings below. We choose to adhere to our rule against disturbing factual findings made in the proceedings below when those findings are supported by sufficient, probative evidence in the record.[3] In the case at bar, the record amply supports the board's determination that the steel became a part of the realty. For instance, appellants' own witnesses testified that with the exception of the service building, the buildings constructed with the steel purchased by appellants could not be put to any other use besides generating electricity without some drastic alterations, the costs in reconditioning the building for another use would be economically unfeasible, and that damage would result to the structures if the equipment therein were to be removed.

Appellants contend that the foregoing testimony establishes that the steel remains personalty because the property is devoted to a single industrial use. On the contrary, in *Zangerle* v. *Standard Oil Co.* (1945), 144 Ohio St. 506 [30 O.O. 151], at paragraph two of the syllabus, we held that personalty may become a fixture and be considered realty if: there is an actual annexation to the land, the personalty is put to its intended use, and it is intended that the personalty be permanently annexed to the realty. The record discloses that the hangar bolts for the steel were imbedded in concrete and thus attached to the land, that it was put to the use of generating electricity, and that its attachment to the land was not considered a temporary placement.

Moreover, R.C. 5701.02 provides:

"As used in Title LVII [57] of the Revised Code, 'real property' and 'land' include land itself, * * * and, unless otherwise specified, all *buildings, structures, improvements,* and *fixtures* of whatever kind on the land * * *."[4] (Emphasis added.)

One of appellants' witnesses conceded that the steel had been incorporated into buildings and structures as those terms are ordinarily and

---

[2] R.C. 5739.01 (B) read in part:

"* * * Except as provided in Section 5739.03 of the Revised Code, a construction contract pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property is not a sale of such tangible personal property, and the construction contractor is the consumer thereof."

[3] See, *e.g.*, *Summit United Methodist Church* v. *Kinney* (1982), 2 Ohio St. 3d 72, at 73, and *Revco Discount Drug Centers, Inc.* v. *Lindley* (1983), 6 Ohio St. 3d 172, at 174.

[4] Appellants argue that the steel in the case at bar is "otherwise specified" to be personalty by virtue of R.C. 5711.22 (C). We find no merit to this argument since that section only applies to the power generating equipment itself and not to the structures surrounding and supporting that equipment.

generally understood. Based on the foregoing, we are compelled to conclude that the factual findings of the board are adequately supported by the record and that the board's decision was neither unlawful nor unreasonable.

Accordingly, the decision of the board is affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.