SUMMIT UNITED METHODIST CHURCH, APPELLANT, *v.*
KINNEY, COMMR., APPELLEE.

[Cite as Summit United Methodist Church *v.* Kinney (1983), 7 Ohio St. 3d 13.]

(No. 83-385—Decided November 9, 1983.)

14

*Mr. Windell F. Fisher,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. James C. Sauer,* for appellee.

CELEBREZZE, C.J. Appellant contends that the subject property qualifies for a tax exemption under R.C. 5709.07 or, alternatively, under R.C. 5709.12.

R.C. 5709.07 states in pertinent part:

"* * * [H]ouses used exclusively for public worship, * * * and not leased or otherwise used with a view to profit, * * * shall be exempt from taxation. * * *"

The language exempts from taxation houses used exclusively for public worship and not leased or otherwise used with a view to profit. The "used exclusively" language was construed in *Bishop* v. *Kinney* (1982), 2 Ohio St. 3d 52. The primary use test, which allowed an exemption if the property was used primarily for public worship, enunciated in *In re Bond Hill-Roselawn Hebrew School* (1949), 151 Ohio St. 70 [38 O.O. 527], was approved. In *Bishop,* the court concluded that the Board of Tax Appeals found that the primary use was religious and based upon the *Bond Hill* test, it held that the taxpayer was entitled to an exemption.

In the case *sub judice,* the Board of Tax Appeals affirmed the commissioner's finding that the uses were not primarily religious in nature. "In reviewing decisions of the board, this court has repeatedly stated that it is not a trier of fact *de novo,* but that it is confined to its statutorily delineated duties (R.C. 5717.04) of determining whether the board's decision is 'reasonable and lawful.' *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53 [54 O.O.2d 191]; *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 135 [*sic* 137] [64 O.O.2d 82]; *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13 [73 O.O.2d 83]; *Conalco* v. *Bd. of Revision* (1978), 54 Ohio St. 2d 330 [8 O.O.3d 323]; *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477 [8 O.O.3d 459]." *Episcopal Parish* v. *Kinney* (1979), 58 Ohio St. 2d 199, at 201 [12 O.O.3d 197].

With this standard of review in mind, we find sufficient evidence in the record to support the board's finding that appellant's uses of the property were not primarily religious in nature. Therefore, we hold that real property which is not used primarily for public worship does not qualify for a tax exemption under R.C. 5709.07.[1]

Alternatively, appellant contends that the property is exempt under R.C. 5709.12 and 5709.121. R.C. 5709.12 provides in pertinent part:

"* * * Real and tangible property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation. * * *"

R.C. 5709.121 provides that:

"Real property * * * belonging to a charitable or educational institution * * *, shall be considered as used exclusively for charitable * * * purposes * * * if * * *."

In *Summit United Methodist Church* v. *Kinney* (1982), 2 Ohio St. 3d 72, appellant contested the Board of Tax Appeal's factual determination that it was not a charitable institution within the purview of R.C. 5709.121. Although the record indicated that appellant was involved in charitable activities, the court held that the record supported the board's finding that appellant was primarily a religious institution and, therefore, not entitled to a tax exemption under R.C. 5709.12 and 5709.121. For the same reason, we find that appellant is not entitled to the exemption.

Accordingly, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

W. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES and J. P. CELEBREZZE, JJ., dissent.

---

[1] Furthermore, the statute expressly exempts property "not leased or otherwise used with a view to profit." The Board of Tax Appeals concluded that appellant received $9,309 for rent plus the cost of utilities in 1978. The receipt of these payments is further support for the denial of the exemption.

J. P. CELEBREZZE, J., dissenting. I believe the decision of the Board of Tax Appeals should be reversed as unreasonable and unlawful as it was unsubstantiated by the record. Therefore, I respectfully dissent.

R.C. 5709.07 states in pertinent part:

"* * * [H]ouses used exclusively for public worship, the books and furniture therein, and the ground attached to such buildings necessary for the proper occupancy, use, and enjoyment thereof, and not leased or otherwise used with a view to profit, * * * shall be exempt from taxation."

The purpose of the exemption and the prior holdings of this court dictate that the phrase "exclusively for public worship" not be given an unreasonably narrow interpretation. *In re Bond Hill-Roselawn Hebrew School* (1949), 151 Ohio St. 70 [38 O.O. 527]; *Bishop* v. *Kinney* (1982), 2 Ohio St. 3d 52. In *Bond Hill,* the court stated at page 72, that there are many incidental uses "designed to encourage people to use the church for public worship" which do not disqualify a property from tax exempt status. In *Bishop,* an exemption was granted for a parish hall used for religion classes, faculty training programs, retreats, engagement encounters, bingo games and meetings of church groups, girl scouts, and civic organizations. The property qualified for exemption as it was used *primarily* for public worship. The incidental uses were not controlling.

The uses of the property in the present case are remarkably similar to the uses of the parish hall in *Bishop.* This property is used for Sunday school classes, the pastor's study, and church administrative offices. The provision of excess space for a weekday day care center is merely an incidental use for the benefit of the community indistinguishable from the provision of space for meetings of civic organizations in *Bishop.* Clearly, the church maintains this property "primarily for public worship" as defined in *Bishop,* not for the benefit of the public university.

I believe an examination of the record can lead to but one conclusion: the property was used primarily for public worship. The holding of the board to the contrary was unsupported by the evidence, and should be reversed as being unreasonable and unlawful.

In a footnote, the majority states that receipt of rent payments further supports the board's decision, as the statute denies an exemption to property "leased or otherwise used with a view to profit." The mere receipt of funds does not establish that property is used with a view to profit. *Denison University* v. *Board of Tax Appeals* (1965), 2 Ohio St. 2d 17, 28 [31 O.O.2d 10]. Appellant offered testimony that the purpose of leasing the space was to use underutilized space to meet a need in the community. There was no evidence that the rent would ever be sufficient to cover costs, much less to provide a profit. The only evidence of appellant's purpose was that the property was not used with a view to profit.

The record fails to support a finding that the property was not used primarily for public worship, or that it was leased with a view to profit. The decision of the board to the contrary should be reversed.

HOLMES, J., concurs in the foregoing dissenting opinion.