MOUNT CALVARY EVANGELICAL LUTHERAN CHURCH, APPELLANT, *v.* KINNEY, COMMR. OF TAX EQUALIZATION, APPELLEE.

(No. 8626—Decided October 11, 1984.)

*Maryann B. Gall,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* The Mount Calvary Evangelical Lutheran Church ("church") decided to locate its church building in a particular area in Randolph Township, Montgomery County, Ohio. In order to do so, the church was required to purchase a 14.77 acre parcel of land in January 1965. From the date of purchase until 1979, the property was exempt. For the tax year 1979 and

subsequent years, ten acres of the 14.77 acres were returned to the tax duplicate. This action was sustained by the Board of Tax Appeals. The church has appealed the decision of the Board of Tax Appeals to this court.

The church is primarily a religious institution entitled to tax exemptions provided by law as well as the more important protections afforded it by the Constitution of the United States and the Constitution of the state of Ohio as a religious institution.

The conclusion that it is also a charitable institution might remove it from the protection of the First Amendment of our Bill of Rights and other protections afforded to religious institutions. This determination was not appealed, and, therefore, this church is not only a religious, but a charitable institution under the facts before this court. Additionally, however, for a charitable institution's property to be entitled to an exemption, the subject property must be utilized exclusively for charitable purposes.

The evidence is overwhelming in this case that the land is used primarily for religious, recreational, and social activities. Religious activities are not charitable activities under R.C. 5709.12 and 5709.121. See *Episcopal Parish* v. *Kinney* (1979), 58 Ohio St. 2d 199 [12 O.O.3d 197]; *Summit United Methodist Church* v. *Kinney* (1982), 2 Ohio St. 3d 72; and *Summit United Methodist Church* v. *Kinney* (1983), 7 Ohio St. 3d 13.

Further, we note the church considers its house of worship to consist of the entire 14.77 acre tract. In our view, therefore, the church is not entitled to an exemption under R.C. 5709.12 and 5709.121.

R.C. 5709.07 exempts from real estate taxes houses used exclusively for public worship and the ground attached to such buildings necessary for the proper occupancy, use, and enjoyment of them. The burden of proof to establish the exemption is the responsibility of the church for each year the exemption is claimed. The taxing authority has the duty to make the determination each year that the exemption is claimed or placed in issue. R.C. 5713.08. The determination of the merits of this case depends on the resolution of factual issues.

In reviewing decisions of the Board of Tax Appeals, the court is not a trier of fact *de novo,* but is confined to its statutorily delineated duties (R.C. 5717.04) of determining whether the board's decision is "reasonable and lawful." *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53 [54 O.O.2d 191]; *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 137 [64 O.O.2d 82]; *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13 [73 O.O.2d 83]; *Conalco* v. *Bd. of Revision* (1978), 54 Ohio St. 2d 330 [8 O.O.3d 323]; *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477 [8 O.O.3d 459]; *Episcopal Parish* v. *Kinney, supra,* at 201.

With this standard of review in mind, we find sufficient evidence in the record to support the board's finding that appellant's uses of the property were not exclusively for charitable purposes, nor necessary for the proper use, occupancy and enjoyment of the church building. *Summit United Methodist Church* v. *Kinney* (1983), *supra,* at 15. Therefore, assignments of error one and two must be overruled.

The third assignment of error is without merit.

The statutory plan including the procedure to appeal the denial of exemption is constitutional. See *Greenville Baptist Temple* v. *Kinney* (Jan. 11, 1983), Drake App. No. 1054, unreported.

The decision of the board is affirmed.

*Decision affirmed.*

BROGAN, P.J., WILSON and WEBER, JJ., concur.