CITY OF EAST LIVERPOOL, APPELLEE, *v.* COLUMBIANA COUNTY BUDGET COMMISSION; BUTLER TOWNSHIP ET AL., APPELLANTS.

[Cite as *E. Liverpool v. Columbiana Cty. Budget Comm.* (2000), 90 Ohio St.3d 269.]

(No. 00–252—Submitted October 11, 2000—Decided November 8, 2000.)

*John R. Varanese,* for appellee.

*Alfred E. Schrader,* for appellants Townships of Butler, Center, Elkrun, Fairfield, Franklin, Hanover, Knox, Liverpool, Madison, Middleton, Perry, Salem, St. Clair, Unity, Washington, Wayne, West and Yellow Creek.

*Brooke Zellers,* Law Director, for appellant city of Salem.

---

**Per Curiam.** The ULGF and ULGRAF are established by R.C. Chapter 5747 for the receipt of various state tax monies transferred to the counties for distribution to local subdivisions. The county budget commission established by R.C. 5705.27 *et seq.* has two options for distributing the funds. The funds may be allocated by the statutory method provided for by R.C. 5747.51 and 5747.62, or by the alternative method provided for by R.C. 5747.53 and 5747.63.

In October 1997, the budget commission voted pursuant to R.C. 5747.53 and 5747.63 to adopt a new alternate formula for distributing the ULGF and ULGRAF funds for 1998. However, R.C. 5747.53 and 5747.63 specifically require that for an alternate formula to become effective it "shall * * * first [be] approved by all" three of the following governmental units: (1) the board of county commissioners, (2) the legislative authority of the city with the greatest population located wholly or partially in the county, and (3) a majority of the boards of township trustees and legislative authorities of municipal corporations, located wholly or partially in the county, excluding the legislative authority of the city with the greatest population. Because the 1997 alternate formula adopted by the budget commission was not approved by East Liverpool, the city with the greatest population wholly or partially in the county, it was enacted contrary to law.

The appellants contend in their notice of appeal that there is no longer any documentation existing to establish that the necessary political subdivisions approved the 1990 alternate formula. In addition, they contend that there is not

sufficient evidence to show that the alternate formula adopted was the same alternate formula adopted in each of the political subdivisions whose approval was needed to adopt the alternate formula. We disagree.

In reviewing a decision of the BTA, this court is not a "super" Board of Tax Appeals. *Hercules Galion Products, Inc. v. Bowers* (1960), 171 Ohio St. 176, 12 O.O.2d 292, 168 N.E.2d 404. We are confined to our statutorily delineated duty of determining whether the BTA's decision is reasonable and lawful. *Summit United Methodist Church v. Kinney* (1983), 7 Ohio St.3d 13, 15, 7 OBR 406, 407, 455 N.E.2d 669, 670. We will not overrule findings of fact of the BTA that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257, syllabus.

Reviewing the evidence in this case, we find that the minutes of the budget commission's meeting of December 13, 1990, introduced by East Liverpool state that the settlement offer for the ULGF and ULGRAF funds proposed by the city of East Liverpool and St. Clair Township was accepted by Columbiana County and the twenty-two subdivisions named in the minutes, and that the budget commission voted to adopt the alternate formula pursuant to R.C. 5747.53 and 5747.63. In addition, the evidence contains a copy of a decision and order of the BTA in a prior case involving the 1990 alternate formula, wherein the full text of the 1990 alternate formula is set forth. See *Columbiana Cty. Park Dist. v. Columbiana Cty. Budget Comm.* (Dec. 19, 1994), BTA No. 93-D-1174, unreported. The 1990 alternate formula set forth in the BTA's prior decision and order sets forth in two places that it is for the term "1994 and thereafter." Thus, there is evidence to support the BTA's finding that the 1990 alternate formula is still valid and that the allocation for the 1998 distribution should have been made pursuant to the 1990 alternative formula as later modified with the approval of the BTA in 1994.

We have not considered the contention concerning *res judicata* raised in appellants' brief because that issue was not listed in the appellants' notice of appeal.

The decision of the BTA being supported by the evidence is reasonable and lawful and is, therefore, affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.