Ken Egbert Jr., Seneca County Prosecuting Attorney, for appellant.

CITY OF EAST LIVERPOOL, APPELLANT, *v.* COLUMBIANA COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as *E. Liverpool v. Columbiana Cty. Budget Comm.,* 99 Ohio St.3d 137, 2003-Ohio-2760.]

(No. 2002–1013—Submitted April 15, 2003—Decided June 11, 2003.)

ALICE ROBIE RESNICK, J.

{¶ 1} The question presented by this case is whether the Columbiana County Budget Commission has authority to determine the length of time that the subdivisions that owe money to the city of East Liverpool have to repay the money. We find that the budget commission does not have such authority.

{¶ 2} The city of East Liverpool is attempting to recover money owed to it because it did not receive its proper share of the Undivided Local Government Fund ("ULGF") and the Undivided Local Government Revenue Assistance Fund ("ULGRAF") for the years 1998, 1999, and 2000. East Liverpool failed to receive its proper share of the funds because the formula the budget commission adopted for the alternate methods of apportionment under R.C. 5747.53 and 5747.63 was invalid, as declared by this court in *E. Liverpool v. Columbiana Cty. Budget Comm.* (2000), 90 Ohio St.3d 269, 737 N.E.2d 44. As a result of the use of the invalid apportionment formula, East Liverpool received less than it should have and other recipients of the funds received more than they should have.

{¶ 3} East Liverpool filed an appeal with the Board of Tax Appeals ("BTA") that challenged the formula used by the budget commission to apportion the funds for 1998. The BTA found, and this court affirmed, that the formula used by the budget commission for 1998 was invalid. Id. While the formula used by the budget commission for 1998 was being appealed, East Liverpool also filed appeals with the BTA challenging the budget commission's apportionments for 1999 and 2000, which used the same formula that it used for 1998.

{¶ 4} After this court's decision in 2000 in the 1998 apportionment case, the BTA remanded the 1998, 1999, and 2000 cases to the budget commission, ordering it "to make allocation and distribution based upon the 1990 alternative formula, as previously modified with the approval of this Board * * * and to take such further action in connection with this matter as is required to give effect to the decision and order of this board." *E. Liverpool v. Columbiana Cty. Budget Comm.* (Jan. 5, 2001), BTA Nos. 2000–T–21 and 2000–T–377.

{¶ 5} Upon receiving the BTA's remand orders, the budget commission met on January 10, 2001, to consider its course of action. In a letter written to the prosecuting attorney before the meeting, counsel for East Liverpool contended that it was entitled to immediate repayment from the other subdivisions of the amounts it had been underpaid for 1998, 1999, and 2000. However, counsel for East Liverpool stated that in the interest of resolving the matter, East Liverpool would not object to uniform monthly repayment from the other subdivisions over two years. Later, in a brief filed with the BTA, East Liverpool offered to accept payments over five years from those subdivisions whose year-end general fund balances met certain criteria.

{¶ 6} Most of the subdivisions receiving money from the funds submitted written comments to the budget commission proposing repayment of their share

of the amount due to East Liverpool over seven years. Letters from those subdivisions indicated that a two-year payback would constitute a hardship. The budget commission ordered the money owed to East Liverpool repaid in monthly payments over five years.

{¶ 7} After the budget commission's decision, East Liverpool filed a motion with the BTA in each of the cases, asking the BTA to "take such action as it deems appropriate to enforce its order * * * to allocate and distribute the ULGF and ULGRAF for 1998 [1999 and 2000] according to the formula adopted and approved in 1990."

{¶ 8} The BTA denied East Liverpool's motions asking for immediate repayment. The BTA found that "the budget commission's actions are not unreasonable, given the significant amounts of money involved and the potential damage that could result from the immediate recoupment of the funds. Upon consideration of the record before us, we find that the budget commission gave effect to our orders and, in the absence of an abuse of discretion on the part of the budget commission, we decline to take any action to enforce our previous orders."

{¶ 9} This cause is now before the court upon an appeal as of right.

{¶ 10} East Liverpool contends that the BTA erred in finding that the budget commission did not abuse its discretion by ordering the subdivisions that were overpaid to repay the money owed to East Liverpool over a five-year period.

{¶ 11} As to decisions of budget commissions that are appealed to the BTA, R.C. 5705.37 provides:

{¶ 12} "The board of tax appeals, in a de novo proceeding, shall forthwith consider the matter presented to the commission, and may modify any action of the commission with reference to the budget, the estimate of revenues and balances, the allocation of the library and local government support fund, or the fixing of tax rates. The finding of the board of tax appeals shall be substituted for the findings of the commission, and shall be certified to the tax commissioner, the county auditor, and the taxing authority of the subdivision affected, or to the board of public library trustees affected, as the action of the commission under sections 5705.01 to 5705.47 of the Revised Code."

{¶ 13} R.C. 5705.37 required that when the BTA found that the formula that the budget commission used for the years 1998, 1999, and 2000 was incorrect and that a different formula should have been used, that finding was to be substituted for the finding of the budget commission. R.C. 5705.37 then required that the BTA's finding be certified to the county auditor, among others.

{¶ 14} There was no statutory provision authorizing the BTA to send its decision back to the budget commission for further action. The statute clearly states that once the BTA has acted, the budget commission has no further role.

The BTA's remand to the budget commission was invalid. Therefore, the budget commission had no authority to act in the 1998, 1999, and 2000 cases. Thus, the budget commission's action in approving a five-year payback by the other subdivisions for the money owed to East Liverpool was without authority.

{¶ 15} The decision of the BTA is unreasonable and unlawful, and, therefore, we reverse and remand for further action in compliance with R.C. 5705.37.

Decision reversed<br>and cause remanded.

MOYER, C.J., F.E. SWEENEY, PFEIFER, HOFFMAN, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

WILLIAM B. HOFFMAN, J., of the Fifth Appellate District, sitting for COOK, J.

---

John R. Varanese, for appellant.

Robert L. Herron, Columbiana County Prosecuting Attorney, and Andrew A. Beech, Assistant Prosecuting Attorney, for appellee Columbiana County Budget Commission.

Richard A. Horning, for appellees Columbiana County township trustees.